**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

JAMES E. LIPSCOMB,

        Petitioner,

  v.

                                     Case No. 10-C-0055

MICHAEL BAENEN,[1]
**Warden of the Green Bay
Correctional Institution,**

        Respondent.

## DECISION AND ORDER

        The pro se Petitioner, James E. Lipscomb ("Lipscomb"), who is serving a state life sentence for first-degree intentional homicide with use of a dangerous weapon at GBCI in Green Bay, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with an attached appendix and a memorandum, as well as a motion to hold his habeas corpus petition in abeyance pursuant to *Duncan v. Walker*, 533 U.S. 167, 176 (2001), while he exhausted his state remedies on an unexhausted claim.

        By a February 12, 2010, Decision and Order, the Court granted Lipscomb's motion to stay the matter and hold it in abeyance, with conditions. On June 15, 2011,

---

[1]The Court has amended the caption to substitute as the Respondent, Micheal Baenen ("Baenen"), the Warden of the Green Bay Correctional Institution ("GBCI"), for its former warden, William Pollard. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (stating that "the petition must name as respondent the state officer who has custody.")

Lipscomb filed a notice of exhaustion of remedies, and a motion to continue to hold his petition in abeyance pending development of new evidence that may prove his innocence.

**Motion for Continuance of the Stay**

In requesting continuance of the stay, Lipscomb states, as mid-May 2011, several additional witnesses were located and their testimony may require the filing of a motion for newly discovered evidence with the state trial court and result in the reversal of his conviction. Lipscomb further states that, because he has previously litigated a newly discovered evidence claim, he knows that he must retain counsel and he does not know how long that will take.

Lipscomb presents a potential state law claim of newly discovered evidence. While the contours of that claim or its significance for this action are not yet defined, this Court concludes that Lipscomb has shown "good cause" to continue the stay to allow Lipscomb to retain counsel and for that attorney to assess the newly discovered evidence. Therefore, Lipscomb's motion to continue the stay of his petition and hold it in abeyance is granted to the extent that Lipscomb must file a written statement advising this Court of the status of his anticipated state court filing by the deadline set by this Decision and Order, whether he requests a further continuance of the stay and why.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Lipscomb's motion to stay this matter and hold it in **ABEYANCE** is **GRANTED** to the extent that **no later than September 26, 2011,** Lipscomb must file a

written statement advising this Court of the status of his anticipated state court filing, whether he requests a further continence of the stay, and the reason for that request;

Baenen is **SUBSTITUTED** as the Respondent in this action; and,

The Clerk of Court is **DIRECTED** to serve a copy of this Decision and Order upon Baenen and the Attorney General of Wisconsin.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**